# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ACHILLES CEDRIC CURBISON,**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES OF AMERICA,** *et al.*,<br><br>Defendants. | Case No. 25–cv–15408–ESK–SAK<br><br>**OPINION AND ORDER** |

**THIS MATTER** having come before the Court on the application (Application) of *pro se* plaintiff Achilles Cedric Curbison to proceed *in forma pauperis* (IFP) (ECF No. 1–2); and plaintiff having brought this action against defendants Phillip L. Buviz, Edward R. Davis, Michael Poulton, Andrew Schiff, and former U.S. Attorney Robert J. Cleary (collectively, Defendants); and the Court finding,

1.  Pursuant to 28 U.S.C. §1915(a)(1), this Court may allow a litigant to proceed without prepayment of fees if the litigant "submits an affidavit that includes a statement of all assets" and "states the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." "The decision to grant [IFP] status turns on whether an applicant is 'economically eligible' for such status." *Taylor v. Supreme Court*, 261 F. App'x 399, 400 (3d Cir. 2008) (quoting *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)). "A person need not be 'absolutely destitute' to proceed [IFP]; however, an [applicant] must show the inability to pay the filing and docketing fees." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

2.  Plaintiff's affidavit in support of the Application sufficiently establishes his inability to pay the Court's fees.

3.  The Court shall accordingly screen the action to determine whether the complaint (ECF No. 1): (a) is frivolous or malicious; (b) fails to state a claim on which relief may be granted; or (c) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(i)–(iii). Courts can

also determine whether *res judicata*[1] applies when screening complaints under §1915(e)(2)(B). *Kraft v. Phelan Hallihan*, 18–15525, 2021 WL 2767383, at *2 (D.N.J. July 1, 2021).

4. Plaintiff filed a complaint in this Court in the matter of *Curbison v. United States, et al.*, Case No. 05-cv-05280 (Prior Case). Plaintiff filed an amended complaint in the Prior Case. (05–cv–05280 ECF No. 5.) In the Prior Case, plaintiff asserted claims against Defendants, and other defendants, for unlawful seizure and disposition of his real property and money, and violation of his "constitutional, civil and legal rights." (*Id.* p. 6.) The same claims that relate to the same allegations are asserted in the complaint in this case. (ECF No. 1 p.2 (asserting claims for "damages arising from wrongful seizure, conversion, and destruction of property" and "against the individually named federal officers in their personal capacities pursuant to *Biven v. Six Unknown Agents*, 403 *U.S.* 388 (1971), for violation of his rights under the Fourth and Fourteenth Amendment."))

5. The Prior Case was dismissed with prejudice on November 6, 2008. (05–cv–05280 ECF No. 50.)

6. Here, the claims in this matter, being substantially similar to those claims alleged in the Prior Case, are barred by *res judicata*. Under Federal Rule of Civil Procedure 41(b), a dismissal for failure to prosecute operates as an adjudication on the merits, which bars further action between the parties. *Landon v. Hung*, 977 F.2d 820, 833 (3d Cir. 1992). Because the merits of the complaint in this case were already adjudicated in the Prior Case, an amended complaint would be futile. *See Prudential Ins. Co. of America v. Bank of America, Nat. Ass'n.*, 14 F.Supp.3d 591, 596 (D.N.J. 2014) ("[d]ismissal of a count in a complaint with prejudice is appropriate if amendment would be inequitable or futile").

Accordingly,

**IT IS** on this **19th** day of **September 2025 ORDERED** that:

1. The Application (ECF No. 1–2) is **GRANTED.**

---

[1] *Res judicata* "bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit." *Duhaney v. Atty. Gen. of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010).

    2.    The Complaint is **DISMISSED with prejudice**.

    3.    The Clerk of the Court is directed to close this matter send a copy of this Order to plaintiff by regular mail.

        */s/ Edward S. Kiel*
        **EDWARD S. KIEL**
        **UNITED STATES DISTRICT JUDGE**